nated by the commanding officer of this department, there to be kept during the continuance of the war.

"II. The proceedings, findings and sentence in the foregoing case are approved and confirmed, and it is directed that the place of confinement of the prisoner, Clement L. Vallandigham, in accordance with said sentence, be Fort Warren, Boston Harbor.

"By command of Major General Burnside.
"Lewis Richmond,
"Asst. Adjutant General.
"Official: W. P. Anderson,
"Assist. Adjutant General."

The sentence of the military commission as above set forth was never executed. The disposition made of the prisoner will appear by the following order issued by the president of the United States, which was fully carried out according to its terms.

Order of the President.

"U. S. Military Telegraph. (Cipher) May 19, 1863. (By telegraph from Washington, 9.40 p. m., 1863.) To Major-General Burnside, Commanding department of the Ohio—Sir: The president directs that, without delay, you send C. L. Vallandigham, under secure guard, to the headquarters of General Rosecrans, to be put by him beyond our military lines, and that in case of his return within our lines he be arrested and kept in close custody for the term specified in his sentence.

"By order of the president.
"Ed. M. Canby,
"Brig. Gen., and A. A. G.
"Please acknowledge receipt of this, and time when received, by request of
"Brig. Gen. Canby."

[NOTE 2. The counsel for Mr. Vallandigham sought to have the proceedings of the military commission reviewed by the supreme court of the United States, and, for that purpose, filed a petition in that court for a writ of certiorari to be directed to the judge advocate general of the army, to send up the proceedings of that commission. The application was argued on January 22, 1864, and was denied, in accordance with an opinion delivered February 15, 1864, by Mr. Justice Wayne, who held that a military commission is not a court, within the meaning of the fourteenth section of the judiciary act of 1789, and that the supreme court had no jurisdiction to issue the writ of certiorari in such a case. See 1 Wall. (68 U. S.) 243.]

---

## Case No. 16,817.

Ex parte VALLANDINGHAM.

[See Case No. 16,816.]

---

VALLE (WICKHAM v.). See Case No. 17,-613.

---

## Case No. 16,818.

VALLEJO v. UNITED STATES.

[Hoff. Dec. 66.]

District Court, N. D. California. 1862.

MEXICAN LAND GRANT—CONDITION.

[Construction of grant as being conditional upon the erection of a mill on the land granted.]

[Claim by José de Jesus Vallejo for 1,000 varas, known as the "Vallejo Mill Grant," and granted to him December 30, 1840, by Manuel Jimeno. Claim filed March 2, 1852, and rejected by the commission October 18, 1853.]

HOFFMAN, District Judge. Claim for 1,000 varas of land near Santa Clara. The expediente shows that on the 22d October, 1840, Vallejo petitioned for 1,000 varas of land near Santa Clara for building a water mill, and for cultivation. On the 30th December, 1840, Manuel Jimeno, gobernador interino, made his decree of concession, and a borrador of the final document issued to the party is attached to the expediente. The grant itself, dated December 30, 1840, is produced by the claimants. The genuineness of these documents is not disputed. It is not alleged that the grant was approved by the departmental assembly, or that judicial possession was given of the land. The claim was rejected by the board. The only additional testimony taken in this court is that of Gonzales. This witness states that in 1842 or 1843 Vallejo put some cattle upon the land. It is not pretended that he ever occupied, cultivated, or built a house or fences upon it until long after the conquest of the country. In his petition to the governor, Vallejo states that he has not found it convenient to locate his water mill on the site for which he had previously applied, but rather on that of which he annexes a sketch, in order that, after an examination of its situation, his excellency may be pleased to grant him the use of the machine before mentioned. And, in order to furnish the necessary motive power for the mill, he solicits the use of the arroyos arising in sierra towards the southeast, so that, uniting them by means of a dam, he may turn them towards the indicated object. And he further solicits one thousand varas of land for sowing, as the dotted figure on the sketch shows. The grant recites that: "Whereas Don José de J. Vallejo has solicited a grant of one thousand varas of land, with the object of cultivating it and establishing thereon a flour mill by means of the use of the water flowing from the small lake contiguous to the said land, together with the waters of three brooks to the east of said land, I have thought proper to grant him the said one thousand varas of land, together with the use of said waters, on the following conditions: * * * 3. He may use the waters flowing from the small lake, and those of three brooks on the east of the land, without preventing any benefit which said waters may now be affording, and until the time when the government may desire to render them useful for the wants of any new settlement or village, or for private individuals, who may pretend to settle on ranchos to provide for their support and that of their families, they being always obliged to let the waters flow towards the land of the present grantee."

It is evident, from the terms of these documents, that the sole purpose for which the